**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION**

| | | |
|---|---|---|
| Robert Heilman, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER RE § 1915 SCREENING** |
| vs. | ) | |
| | ) | |
| Work Force Safety, | ) | Case No. 4:11-cv-059 |
| | ) | |
| Defendant. | ) | |

On July 14, 2011, the plaintiff, Robert Heilman, filed a complaint along with an application to proceed without prepayment of fees. For the reasons set forth below, the undersigned orders that the complaint be dismissed without prejudice.

**I.    BACKGROUND**

Heilman used to work in the lawn services industry. On October 9, 2002, he apparently fell off a ladder while trimming some shrubs, hedges, and trees. He injured his head, shoulders, neck, and ribs. He has not worked since. He currently receives Social Security Disability Insurance (SSDI) benefits. He initiated the above-entitled action on July 14, 2011, complaining that he is unable to subsist on his SSDI benefits and that North Dakota Workforce Safety and Insurance (WSI) should supplement his income or otherwise assist him with his bills.[1] Specifically, he alleges:

> I'm asking the court to help get total disabilities on workforce. I'm on SSDI already for some time now. Get around $1,215.00 monthly. I think workforce to pay for some lose wages. I was hurt in Oct. 9, 2002.... If I didn't get hurt, I would ben making per hour. I was making 9.00 per house. Others workers took over my job. Round up making $15.00 per hour. With the injury fall behind on pay scale. If you look at 40 hours a week. Come out to 2080 hour a year without overtime. That came

---

[1] For the purposes of this report and recommendation, the undersigned presumes that WSI is the entity to which Heilman is referring in both the caption and body of his complaint.

1

to $18,720 year. Overtime would be more. That why I'm asking lost wage. To go and find work, having trouble getting a part time job. Because of the [illegibile], I can't get a job. One they hear about it, they ran other way. I went to three different employment agency. Can't seem to find me anything to fix my injuries. One think I look at, I would been making around $31,2000. Can't go week to week without getting hurt. Now there other injury that took place back in 1995. It's to the lower back and rib. Now when I fall on other claim in 2002, cause more damage to the lower back. Work force will not pay for it

\* \* \*

Also having nightmare.... I like to get workforce to pay for the nightmare.

\* \* \*

Some time I take pain killers. Like to make sure workforce pay for these bills. They said they will take care of it. The chiropractor bills. They for two times a month. Medicare pays for the rest. The July 10-16 2011, when twice so far. Medicare took care of it. Workforce should be paying for all of it.

(Docket No. 1-1 (errors in original)).

## II. DISCUSSION

### A. Standard of Review

Proceedings *in forma pauperis* are governed by 28 U.S.C. § 1915, which provides that the court may authorize the commencement of a suit without prepayment of fees by a person submitting a financial affidavit evincing an inability to pay. See 28 U.S.C. § 1915(a)(1). Notwithstanding financial eligibility, the court may dismiss a case at any time if it concludes the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2).

In applying the provisions of § 1915(e)(2), the court must give the *pro se* complaint the benefit of a liberal construction and not dismiss the complaint unless it is clear beyond doubt that there is no set of facts that would entitle the plaintiff to relief. Haines v. Kerner, 404 U.S. 519, 520

(1972) (*pro se* complaints are "subject to less stringent standards than formal pleadings drafted by lawyers"); Atkinson v. Bohn, 91 F.3d 1127, 1128-29 (8th Cir. 1996).  In construing the complaint, the court must weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless.  Denton v. Hernandez, 504 U.S. 25, 31-33 (1992) (court may disregard factual allegations that are clearly baseless, fanciful, fantastic, or delusional).  "A complaint is frivolous if it lacks an arguable basis in law or fact."  Martinez v. Turner, 977 F.2d 421, 423 (8th Cir. 1992) (citing Nietske v. Williams, 490 U.S. 319, 325 (1989)).  "It lacks an arguable basis in law if the claim is based on an indisputable meritless legal theory."  Id.

**B.     28 U.S.C. § 1915(e)(2) Screening**

Heilman's complaint does not set forth a claim of constitutional dimension or allege a violation of federal law. It merely asserts an entitlement to state worker's compensation benefits. Further, it does not establish an apparent basis for federal court jurisdiction.  Finally, to the extent that the complaint may be construed as a request for money damages from the state, the Eleventh Amendment precludes this court from imposing such an award against the state or one of its agencies.  See Hopkins v. Saunders, 93 F.3d 522, 526 (8th Cir. 1996) ("The Eleventh Amendment prohibits a citizen from suing a state for money damages in federal court."); see also Graves v. Stone, 25 Fed. Appx. 488 (8th Cir. 2002) (recognizing that the Eleventh Amendment bars suits brought in federal court by an individual against a state or its agencies)

**III. CONCLUSION**

Heilman has neither stated a claim upon which relief can be granted nor established a basis for this court's exercise of jurisdiction over this matter. His complaint (Docket No. 6) is therefore **DISMISSED** without prejudice subject to the filing of a paid complaint.

**IT IS SO ORDERED.**

Dated this 25th day of July, 2011.

>    */s/  Charles S.  Miller, Jr.*
>    Charles S.  Miller, Jr.
>    United States Magistrate Judge